UNITED STATES DISTRICT COURT
DISTRICT OF SOUTH DAKOTA
CENTRAL DIVISION

---

| | |
|---|---|
| SENECA LOVETT ENGEL, | 3:21-cv-3020 |
| Plaintiff, | |
| vs. | **ANSWER** |
| DEREK ENGEL; MILLER POLICE DEPARTMENT; CITY OF MILLER, SOUTH DAKOTA; AND JIM HENSON, SHANNON SPECK, AND VARIOUS JOHN AND JANE DOES OF THE MILLER POLICE DEPARTMENT, OFFICIALLY AND INDIVIDUALLY; JOINTLY AND SEVERALLY, | |
| Defendants. | |

---

For their Answer to the Complaint, Defendants Miller Police Department, City of Miller, South Dakota, Jim Henson, Shannon Speck and John and Jane Does of the Miller Police Department (collectively "City Defendants") state they deny each and every allegation of the Complaint except hereinafter admitted, that no response is made as to those allegations that contain a legal assertion, that as to allegations in the Complaint that assert conduct of Defendant Derek Engel that (unless otherwise referenced below) they lack sufficient information to admit or deny the allegations contained therein and therefore, denies the same, and that they state as follows:

1.  Regarding the allegations in ¶¶ 1-3 of the Complaint, the City Defendants admit that the Federal District Court has jurisdiction over the 42 U.S.C. § 1983 claim, and admit that certain events stated in the Complaint occurred in Hand County, South Dakota.

2. Regarding the allegations in ¶¶ 6-10 of the Complaint, the City Defendants admit that the City of Miller is a municipality under South Dakota law, that it operates a Police Department, that Defendant Speck is employed as its Police Chief, and that Defendant Henson and other officers are employed to perform law enforcement duties under the supervision of Police Chief Speck.

3. Regarding the allegations in ¶¶ 15-23 of the Complaint, the City Defendants admit that on October 29, 2019, Defendant Engel called Defendant Henson and asked him to meet him at the City's Police Department about a matter involving the Plaintiff, that Defendant Engel told him he wanted to keep a phone Plaintiff wanted returned, that Defendant Henson interviewed both Defendant Engel and Plaintiff and both stated that on October 29, 2019, Defendant Engel grabbed Plaintiff's coat and pushed her out of the way, that the Engel son also stated something about a push by Defendant Engel of Plaintiff, that Defendant Henson and Defendant Speck discussed the matter, that no arrests were made, and that the phone was not given to Plaintiff that day.

4. Regarding ¶ 28 of the Complaint, the City Defendants admit that on October 30, 2019, Plaintiff asked Defendant Henson for the return of the phone, and that on November 5 and 6, 2019, Plaintiff emailed Defendant Speck about conduct she alleged Defendant Engel was engaging in related to the telephone and alleged harassment of her.

5. Regarding ¶ 61 of the Complaint, the City Defendants admit that Plaintiff has correctly quoted a portion of SDCL 25-10-36.

6. The City Defendants admit ¶¶ 71-73, and ¶ 80 of the Complaint.

7. As to an affirmative defense, the City Defendants state Plaintiff's Complaint fails to state a claim upon which relief can be granted.

8. As an affirmative defense, the City Defendants allege that Plaintiff's claims are barred by the doctrines of qualified immunity, governmental immunity, and/or sovereign immunity.

9. As a further affirmative defense, the City Defendants allege that Plaintiff's claims are barred in whole or in part by the statute of limitations.

10. As a further affirmative defense, the City Defendants allege that if Plaintiff was damaged as alleged in her Complaint or otherwise, such damages were caused and contributed to by Plaintiff's own actions, including her contributory negligence, which negligence was more than slight, and/or caused by third persons over whom the City Defendants had no control.

11. As a further affirmative defense, the City Defendants allege they had no intent, purpose, or deliberate indifference to deny Plaintiff of her constitutional rights or statutory rights or any rights alleged to have been deprived of her, so as to deny Plaintiff any recovery herein.

12. As a further affirmative defense, the City Defendants allege that no policy or custom of the city served as the moving force behind or played a part in any deprivation of Plaintiff's constitutional or statutory rights.

13. As a further affirmative defense, the City Defendants allege Plaintiff's claims are barred by the doctrine of the assumption of the risk doctrine.

14. As a further affirmative defense, the City Defendants allege that their conduct does not, under any circumstances, rise to the level of a claim cognizable under 42 U.S.C. §1983, and therefore moves to dismiss all claims of the Plaintiff.

15. As a further affirmative defense, the City Defendants allege that this action cannot be maintained against the City Defendants in their individual capacity and hereby moves the Court for dismissal of the City Defendants as a defendant in their individual capacity.

16. As a further affirmative defense, Plaintiff's claims are barred in whole or part by principles of *res judicata*.

17. The City Defendants further state that they may have insufficient knowledge or information on which to form a belief as to whether he may have additional, as yet unstated affirmative defenses. Accordingly, the City Defendants expressly reserve the right to assert additional affirmative defenses in the event discovery discloses facts which support the assertion of additional affirmative defenses.

WHEREFORE, the City Defendants prays for judgment as follows:

1. That Plaintiff's Complaint be dismissed with prejudice;

2. That they be awarded its costs, disbursements and attorney's fees; and

3. That the Court enters such other and further relief as it deems reasonable and just.

Dated this 23rd day of November, 2021.

/s/ *Lisa Hansen Marso*
Lisa Hansen Marso
BOYCE LAW FIRM, L.L.P.
300 South Main Avenue
P.O. Box 5015
Sioux Falls, SD 57117-5015
(605) 336-2424
lkmarso@boycelaw.com
Attorneys for Defendants Miller Police Department, City of Miller, South Dakota, Jim Henson, Shannon Speck and John and Jane Does of the Miller Police Department

## **JURY DEMAND**

The City Defendants hereby demand a jury trial on those claims on which a jury trial is authorized.

/s/ *Lisa Hansen Marso*
Lisa Hansen Marso

## **CERTIFICATE OF SERVICE**

I, Lisa Hansen Marso, hereby certify that I am a member of the Boyce Law Firm, L.L.P., and that on the 23rd day of November, 2021, I electronically filed the foregoing Answer with the Clerk of Court using the CM/ECF system which will automatically send e-mail notification of such filing to the following attorneys of record for the Plaintiff:

    Tucker J. Volesky
    tucker.volesky@outlook.com

                                            /s/    *Lisa Hansen Marso*
                                              Lisa Hansen Marso