UNITED STATES DISTRICT COURT
DISTRICT OF SOUTH DAKOTA
CENTRAL DIVISION

| | |
|---|---|
| SENECA LOVETT ENGEL,<br><br>Plaintiff,<br><br>vs.<br><br>DEREK ENGEL; MILLER POLICE DEPARTMENT, CITY OF MILLER, SOUTH DAKOTA; JIM HENSON, IN HIS INDIVIDUAL AND OFFICIAL CAPACITY; SHANNON SPECK, IN HIS OR HER INDIVIDUAL AND OFFICIAL CAPACITY; AND VARIOUS JOHN AND JANE DOES OF THE MILLER POLICE DEPARTMENT, IN THEIR INDIVIDUAL AND OFFICIAL CAPACITIES,<br><br>Defendants. | 3:21-CV-03020-RAL<br><br><br>ORDER GRANTING PLAINTIFF'S MOTION TO PROCEED IN FORMA PAUPERIS |

Plaintiff, Seneca Lovett Engel, filed a lawsuit against defendants under 42 U.S.C. §§ 1983 and 1985 and alleges state-law claims under supplemental jurisdiction pursuant to 28 U.S.C. § 1367. Doc. 1. Engel moves for leave to proceed in forma pauperis and has filed a financial affidavit. Doc. 2.

A federal court may authorize the commencement of any lawsuit without prepayment of fees when an applicant submits an affidavit stating he or she is unable to pay the costs of the lawsuit. 28 U.S.C. § 1915(a)(1). "[I]n forma pauperis status does not require a litigant to demonstrate absolute destitution." Lee v. McDonald's Corp., 231 F.3d 456, 459 (8th Cir. 2000). But in forma pauperis status is a privilege, not a right. Williams v. McKenzie, 834 F.2d 152, 154 (8th Cir. 1987). Determining whether an applicant is sufficiently impoverished to qualify to

proceed in forma pauperis under § 1915 is committed to the sound discretion of the district court. Cross v. Gen. Motors Corp., 721 F.2d 1152, 1157 (8th Cir. 1983). After review of Engel's financial affidavit, the Court finds that she has insufficient funds to pay the entire filing fee, but that she does have sufficient income to pay the fee over time. Thus, Engel's motion for leave to proceed in forma pauperis is granted. Engel need not pay an initial partial filing fee, but she will be responsible for $20 payments every month until her filing fee is paid in full.

Ordinarily, when a plaintiff is granted in forma pauperis status under 28 U.S.C. § 1915(a), this Court must then screen the complaint to determine if the complaint should be dismissed under 28 U.S.C. § 1915(e)(2)(B) or if service should be directed. Martin-Trigona v. Stewart, 691 F.2d 856, 857 (8th Cir. 1982). Although some of her claims may not be meritorious or within the jurisdiction of a federal court, she has already served the defendants, some of whom have filed an answer to her complaint. Docs. 5-9. Thus, this Court will forego the conventional screening of the complaint. Accordingly, it is

ORDERED that Engel's motion to proceed in forma pauperis, Doc. 2, is granted, and her initial filing fee is waived. Engel shall pay her filing fee in $20 monthly installments beginning with an installment due January 15, 2022, and with $20 installments paid monthly thereafter to the Clerk of Court.

DATED November 24th, 2021.

BY THE COURT:

_____
ROBERTO A. LANGE
CHIEF JUDGE

2